White, C. J.
For the purposes of this case, it may be-assumed that Lucy C. Moore, the testatrix, had her domicile, at the time of her decease, in Lucas county, in this state,, where her will was admitted to probate. Evidence was introduced by the plaintiffs tending to show that she changed her domicile when she went to Indiana, and that she acquired a domicile in that state; but the defendants below gave-counter-evidence on this point tending to show that she left-the place of her domicile in this state for a temporary purpose, and that her death occurred during such temporary absence. No objection was taken to the charge on this-this point. The presumption is, the jury were properly instructed, and that their finding is in accordance with the-evidence. If it be considered, therefore, for the purposes-of this case, that the original probate of a will must be at the place of the testator’s domicile, the presumption arising-on this record, is that such was found to be the fact, by the jury in this case.
The points made in argument for the plaintiffs in error,, may be reduced to three propositions :
*498 1. That a will, made out of this state can not be admitted to original probate in this state.
2. That the errors and irregularities of the probate court in admitting a will to probate may be inquired into, on the trial of the issue in a suit contesting such will, for the purpose of invalidating the order of probate.
3. That the order admitting the will in question to probate can not be regarded as prima facie evidence of the due execution and validity of the will.
Neither of these propositions is tenable. In regard to the first, it is claimed that a will made in another state is, within the meaning of the act relating to wills, a foreign will, and is required to be first probated in the state where made; but such is clearly not the law. The will of a person whose domicile, at the time of his death, is in this state, is a domestic will, and properly admitted to original probate at the place of such domicile, without regard to where the will was made or where such person died. Manuel v. Manuel, 13 Ohio St. 559; Story’s Conflict of Laws, secs. 467, 468.
In regard to the second proposition, it is to be remarked that it is founded upon a misconception of the jurisdiction of the court in trying the contest of a will. In such ease, the court does not sit as a court of error to revise the action of the court of probate, but is in the exercise of the powers and jurisdiction of a court of probate charged with the duty of finally establishing or rejecting the will. On the trial of the issue in such ease, the errors or irregularities of the probate court, in admitting the will to probate, are immaterial, and can not be inquired into. The prima facie effect which the statute gives to the order of probate can only be overcome by showing that the will is, in fact, invalid.
As to the third proposition', we deem it sufficient to say that the omission of the record to state that the destruction •of the will was subsequent to the death of the testator, does not render the order, admitting such will to probate, void. If it wore, a nullity, it would afford no grounds' on which *499 to found the action to contest the will; for, until probated, a will is not, in this state, the subject of such contest. And however erroneous the action of the probate court may have been in ordering the will to probate, while the order stands it is entitled to the same prima facie effect as the statute gives to an order probating an original will. Of course, the question of fact, as to whether the original will was destroyed subsequent to the death of the testator, was open to proof on the trial. Proof that it was not so destroyed would overcome the prima fade case made by the probate, and invalidate the supposed will.

Motion overruled.